IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Alyssa Enegren, Individually and on<br>Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KC Lodge Ventures LLC,<br>St. Louis Lodge Ventures LLC,<br>and PB&J Restaurants, Inc.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### Introduction

This case is a Fair Labor Standards Act collective action brought on behalf of "Twin Peaks Girls" who work or have worked at Twin Peaks franchise restaurants in Kansas and Missouri. The relevant Twin Peaks restaurants are owned and operated by KC Lodge Ventures, LLC, St. Louis Lodge Ventures, LLC, and PB&J Restaurants, Inc. (collectively referred to as "Twin Peaks" or "Defendants"), which operate as an integrated employer headquartered in Overland Park, Kansas.

Twin Peaks employs Servers, Bartenders, and Hostesses (collectively referred to as "Twin Peaks Girls"), who are subjected to Twin Peaks' unlawful pay practices. As explained in detail below, Twin Peaks systematically and willfully denies Twin Peaks Girls wages due and owing under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Whether pled in the past or present tense, the allegations in this Complaint should be understood to mean that Twin Peaks has engaged in these

unlawful pay practices during the entire time it has operated these Twin Peaks franchise restaurants and continues to do so.

First, Twin Peaks fails to pay Twin Peaks Girls for all hours worked. Specifically, Twin Peaks does not pay Twin Peaks Girls for time attending mandatory pre-shift meetings, time attending mandatory monthly meetings, and time changing into and out of their uniforms as required by Twin Peaks.

Second, Twin Peaks requires Twin Peaks Girls to purchase their own uniforms. Twin Peaks' failure to reimburse Twin Peaks Girls for their uniform expenses constitutes a "kickback" to Twin Peaks, such that Twin Peaks Girls' net wages are diminished below the minimum wage.

Third, Twin Peaks requires Servers to share their tips with non-Servers based on a fixed percentage of each Server's gross sales. As a result of this mandatory tip-sharing, Servers sometimes do not make enough in tips to satisfy the "tip credit" claimed by Twin Peaks, such that the hourly wages paid to Twin Peaks Girls are below the minimum wage.

As a result of the foregoing pay practices, Twin Peaks Girls are illegally undercompensated for their work, in violation of the FLSA. Alyssa Enegren brings this collective action on behalf of all similarly situated persons pursuant to 29 U.S.C. § 216(b).

**Parties**

1.      Plaintiff Alyssa Enegren is an individual residing in the state of Kansas.

2.      Enegren worked as a Server and a Bartender at the West Wichita Twin Peaks restaurant from the time Defendants owned and operated it until March 17, 2017.

3.      Enegren brings FLSA claims on behalf of herself and the following Collective Class of similarly situated persons: All current and former Servers, Bartenders, and Hostesses (collectively "Twin Peaks Girls") who worked for Defendants at any of their Twin Peaks restaurant locations at any time within the statutory three-year period.

4.      Defendant KC Lodge Ventures LLC is a Kansas limited liability company that owns and operates Twin Peaks restaurants in Wichita and Olathe, Kansas.

5.      KC Lodge Ventures may be served with process through its registered agent, KC Lodge Ventures LLC, at 10220 W 87th Street, Overland Park, KS 66212.

6.      Defendant St. Louis Lodge Ventures LLC is a Kansas limited liability company that owns and operates Twin Peaks restaurants in St. Louis and Independence, Missouri.

7.      St. Louis Lodge Ventures may be served with process through its registered agent, National Registered Agents, Inc. of KS, at 2101 SW 21st Street, Topeka, KS 66604.

8. Defendant PB&J Restaurants, Inc. ("PB&J Restaurants") is a Kansas corporation that owns and operates restaurants in Kansas and Missouri.

9. PB&J Restaurants may be served with process through its registered agent, National Registered Agents, Inc. of KS, at 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

10. KC Lodge Ventures, St. Louis Lodge Ventures, and PB&J Restaurants are an integrated employer. They have common ownership, common management, interrelated operations, and centralized control of personnel.

11. KC Lodge Ventures, St. Louis Lodge Ventures, and PB&J Restaurants share the same corporate office at 10220 W. 87th, Overland Park, KS 66212.

12. The CEO of PB&J Restaurants has operational responsibilities for KC Lodge Ventures and St. Louis Lodge Ventures.

## Jurisdiction and Venue

13. This Court has subject matter jurisdiction over Enegren's and other Twin Peaks Girls' claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## Facts

### *Fair Labor Standards Act*

15. The Fair Labor Standards Act mandates the following protections for employees: (1) all employees are entitled to be paid mandated minimum wages for all hours worked; (2) those mandated minimum wages for all hours worked must be

4

paid to the employee free and clear without any kickback to the employer; and (3) all gratuities earned are the property of the employees.

16.     Despite the foregoing protections, Twin Peaks Girls are not adequately compensated due to Twin Peaks' improper practices.

17.     Twin Peaks' improper practices are summarized as follows:

     a.     Twin Peaks fails to pay Twin Peaks Girls for all hours worked.

     b.     Twin Peaks fails to compensate or reimburse Twin Peaks Girls for the cost of their uniforms and satisfying other image and costume standards, resulting in an improper kickback from Twin Peaks Girls to Twin Peaks that drives Twin Peaks Girls' pay rate beneath the minimum wage.

     c.     Twin Peaks fails to ensure that its Servers are always paid minimum wage after mandatory tip sharing with other employees.

18.     Consequently, Twin Peaks enjoys ill-gained profits at the expense of Twin Peaks Girls as further detailed below.

***Twin Peaks Concept***

19.     Twin Peaks is a franchise restaurant concept (colloquially referred to as a "breastaurant") known for having its Twin Peaks Girls dress in revealing uniforms that consist of cleavage- and midriff-revealing red plaid tops and khaki short-shorts, as well as revealing seasonal and other themed outfits.

20.     The chain's slogan is: "Eats. Drinks. Scenic Views." It promotes its niche in the casual dining market as one that requires "hotter girls than our competition." It aims to stand out by delivering a "unique brand of service,

hospitality, and scenic views every day," including "costume parties" that "create a fun atmosphere."

### *Twin Peaks Girl Job Description*

21.    The Twin Peaks Girl job description states as follows:

GENERAL PURPOSE OF THE JOB

This job requires the Twin Peaks Girl to interact with, entertain, and build a rapport with the Twin Peaks guests. The essence of the role is based on female sex appeal. It is additionally required that the Twin Peaks Girl sell food, beverage, and merchandise to the guests. The Twin Peaks Girl image is based on the wholesome, yet sexy, Girl Next Door image.

THE UNIFORM

The Twin Peaks Girl character is what makes the Twin Peaks concept unique. The essence of the Twin Peaks Brand Promise is that each guest who visits will be entertained by a physically fit Twin Peaks Girl with fully styled hair and makeup, a character based on female sex appeal. When an employee is wearing the Twin Peaks Uniform, she is playing a role. It is therefore essential that each Twin Peaks Girls understand that whenever she is working, she must comply with Twin Peaks Image and Costume Standards that demand a high level of fitness and fully styled hair and makeup.

ESSENTIAL DUTIES AND RESPONSIBILITIES

The duties and responsibilities of a Twin Peaks Girl include, but are not limited to,

- Adhering to all Image and Costume Standards.

*Twin Peaks Girls Uniform*

22.     The standard Twin Peaks Girls uniform consists of a red plaid top tied at the waist and khaki short-shorts, boots, belt, and jewelry, all of which must meet specifications. Twin Peaks Girls are required to purchase all elements of this uniform except for the top, which is provided by Twin Peaks.

23.     Twin Peaks also requires Twin Peaks Girls to wear seasonal and other themed outfits for holidays and other special occasions approximately one week per month. These outfits are not street clothes that can be worn outside of work and include "sexy school girl" outfits, sexy Halloween costumes, "Santa's little helper" lingerie, and St. Patrick's Day, Mardis Gras, and other holiday-themed lingerie in prescribed colors.

24.     Twin Peaks also requires Twin Peaks Girls to wear college and professional sports themed uniforms on game days. The shorts must be tight-fitting and the t-shirts and jerseys must be tight and cut or torn to expose their cleavage and midriffs in such a way that they could not be worn outside of work.

25.     Twin Peaks also has strict image and costume standards pertaining to hair, makeup, nails, and jewelry.

26.     Twin Peaks does not reimburse Twin Peaks Girls for the cost of purchasing required uninforms and otherwise complying with the image and costume standards, causing these expenses to come from Twin Peaks Girls' wages. This constitutes an improper "kickback" to Twin Peaks that results in Twin Peaks Girls earning less than the minimum wage.

*Unpaid Pre-shift Meetings*

27.     Twin Peaks requires Twin Peaks Girls to report "stage-ready"—in full uniform and fully styled hair and makeup in conformance with the image and costume standards—to a mandatory pre-shift meeting 30 minutes before opening or shift change.

28.     During these mandatory pre-shift meetings, Twin Peaks Girls are informed of daily specials, promotional activities, the staffing plan and section assignments for that shift, and other work-related information.

29.     Twin Peaks Girls then undergo an appearance inspection in which managers rate and grade them based on costume, hair, makeup, and other criteria.

30.     Twin Peaks does not pay Twin Peaks Girls for attending these mandatory pre-shift meetings.

*Changing Clothes and Complying with Image and Costume Standards*

31.     Twin Peaks Girls cannot perform their principal activities without putting on their uniforms.

32.     To be stage-ready at the start of the pre-shift meeting, Twin Peaks Girls typically arrive 10-30 minutes before the pre-shift meeting to change into their uniform and style or touch up their hair and makeup so they are fully styled in conformance with Twin Peaks' strict image and costume standards.

33.     Twin Peaks provides an onsite dressing room in which Twin Peaks Girls change clothes and style hair and makeup.

34.     Twin Peaks forbids Twin Peaks Girls from being in uniform when arriving at or leaving work. Accordingly, Twin Peaks Girls must change clothes on the premises—either changing into and out of their uniforms, or taking off and putting back on regular street clothes to cover their uniforms, at the beginning and end of each shift.

35.     Twin Peaks Girls must be in compliance with the image and costume standards by the time the mandatory pre-shift meeting starts because they are graded and rated on their appearance every day.

36.     Twin Peaks Girls' ratings, which are posted every week, are used to determine priority for selection of schedules and serving section (which naturally affects compensation) and other perquisites of employment.

37.     Twin Peaks does not pay Twin Peaks Girls for their time spent attending pre-shift meetings, performing preparatory work, changing clothes and adhering to image and costume standards on Twin Peaks' premises, or undergoing appearance inspections.

### *Unpaid Monthly Meetings*

38.     Twin Peaks requires Twin Peaks Girls to attend "Girl of the Month" meetings that occur monthly on Saturdays.

39.     Twin Peaks Girls are not paid for their time attending these mandatory monthly meetings.

40.     Missing these mandatory meetings is the equivalent of missing a shift for performance review purposes.

*Tip Sharing*

41.    The federal minimum wage at all relevant times has been $7.25 per hour.

42.    Under certain circumstances, an employer may take a "tip credit" (up to $5.12 per hour) and pay its employees less than minimum wage, as long as the cash wage paid by the employer plus the amount of the employee's tips from customers applied toward the tip credit equals the minimum wage.

43.    Instead of paying its Servers the minimum wage, Twin Peaks takes a tip credit and pays its servers substantially less than minimum wage.

44.    Twin Peaks requires its Servers to share tips with non-Servers. This tip-sharing requirement sometimes drives Servers' wages below minimum wage.

45.    Twin Peaks fails to make up the difference when Twin Peaks Girls make less than minimum wage due to required tip sharing.

**Causes of Action**

***Count I: Fair Labor Standards Act, 29 U.S.C. § 201 et seq.***

46.    Enegren incorporates by reference all other paragraphs of this Complaint.

47.    Twin Peaks is a covered employer under the FLSA and is subject to the FLSA's minimum wage requirements.

48.    Twin Peaks Girls are covered individuals entitled to the rights, protections, and benefits provided under the FLSA.

49.     Twin Peaks has acted neither in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA. Accordingly, Twin Peaks Girls are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and unreimbursed expenses under 29 U.S.C. § 216(b).

### a.     Unpaid Time Worked

50.     Enegren incorporates by reference all other paragraphs of this Complaint.

51.     Twin Peaks Girls are paid on an hourly basis and are subject to the minimum wage provisions of the FLSA; they are not exempt.

52.     Twin Peaks Girls are not paid for all of their time worked.

53.     Twin Peaks knew or should have known of its obligations under the FLSA to compensate non-exempt employees for all time worked.

54.     Twin Peaks willfully failed to pay Twin Peaks Girls for all time worked, including attending mandatory pre-shift meetings, attending mandatory monthly meetings, changing into and out of uniforms and complying with image and costume standards, and performing other pre-shift work.

55.     This unpaid time must be paid at the full minimum wage rate, without utilizing the tip credit.

56.     Twin Peaks' failure to pay all wages due to Twin Peaks Girls violates the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

57.     As a result, Twin Peaks is liable to Twin Peaks Girls for unpaid wages, interest, liquidated damages, costs, expenses, attorneys' fees, and any other damages and relief the Court deems just and proper.

### b.     Unlawful Kickbacks

58.     Enegren incorporates by reference all other paragraphs of this Complaint.

59.     As part of Twin Peaks' willful practices and policies, it requires Twin Peaks Girls to bear the cost of uniforms during their employment.

60.     Twin Peaks requires Twin Peaks Girls to adhere to strict image and costume standards.

61.     Twin Peaks willfully causes Twin Peaks Girls to incur the expenses of purchasing these uniforms and complying with the strict image and costume standards, without reimbursement, thereby failing to pay Twin Peaks Girls minimum wages after deduction of these unreimbursed expenses.

62.     This creates an employer "kickback" and violates the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

63.     Twin Peaks knew or should have known that its pay and reimbursement policies, practices, and methodology results in failure to pay Twin Peaks Girls at the required minimum wage, violating the provisions of the Fair Labor Standards Act.

64.     As a result, Twin Peaks is liable to Twin Peaks Girls for reimbursement of uniform and image expenses, unpaid wages, interest, liquidated

damages, costs, expenses, attorneys' fees, and any other damages and relief the Court deems just and proper.

### c. *Undercompensation Due to Tip Sharing*

65.     Enegren incorporates by reference all other paragraphs of this Complaint.

66.     Twin Peaks requires Servers to share tips.

67.     Specifically, servers must "pay" Bartenders, Hostesses, and Bussers a fixed percentage of their gross sales receipts.

68.     Twin Peaks fails to ensure that servers earn at least the applicable minimum wage for every hour worked.

69.     In contravention of the FLSA, when Servers do not receive enough in tips to cover the claimed tip credit, after mandatory tip deductions to share with non-Servers, Twin Peaks does not raise their cash wage to ensure they earn at least the minimum wage.

70.     Twin Peaks' willful failure to pay all wages due to Servers violates the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

71.     As a result, Twin Peaks is liable to Twin Peaks Girls for unpaid wages, interest, liquidated damages, costs, expenses, attorneys' fees, and any other damages and relief the Court deems just and proper.

### *Collective Action Allegations*

72.     Enegren incorporates by reference all other paragraphs of this Complaint.

73.     Enegren brings this FLSA claim as an "opt-in" collective action on behalf of herself and similarly situated Twin Peaks Girls pursuant to 29 U.S.C. § 216(b).

74.     The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

75.     Enegren, individually and on behalf of other Twin Peaks Girls, seeks relief on a collective basis for Twin Peaks' practices of failing to properly compensate Twin Peaks Girls for all time worked and for the unlawful "kickbacks" received.

76.     Enegren, individually and on behalf of other Servers, seeks relief on a collective basis for Twin Peaks' failure to pay minimum wages in certain work weeks due to Twin Peaks' tip-sharing requirements.

77.     The number and identity of other Plaintiffs yet to opt-in may be ascertained from Twin Peaks' records, and potential class members may be notified of the pendency of this action via U.S. Mail.

78.     Enegren and other Twin Peaks Girls are similarly situated in that:

   a.  They are currently working and/or have previously worked for Twin Peaks;

   b.  They are currently subject to and/or have been previously subjected to the same pay policies and practices of Twin Peaks;

   c.  They were required by Twin Peaks to attend mandatory daily pre-shift meetings and were not compensated for their attendance;

   d.  They were required by Twin Peaks to attend mandatory monthly meetings and were not compensated for their attendance;

14

e.   They were required to change into and out of uniforms per Twin Peaks' requirements and were not paid for this time;

f.   They were required to purchase uniforms for employment, and were not compensated for these expenses; and

g.   Servers are subject to the same tip-sharing program that sometimes results in them not being paid at least the minimum wage.

79.    Enegren requests the Court enter an order allowing Enegren to send notice of this collective action to all past and present Twin Peaks Girls who currently work or have previously worked at any of Defendants' Twin Peaks locations at any time during the past three years.

80.    Enegren requests that the Court conditionally certify these FLSA claims as a collective action under 29 U.S.C. § 216(b).

81.    Enegren requests that the Court permit similarly situated Twin Peaks Girls to file consents to opt-in and join this collective action as party Plaintiffs.

82.    Twin Peaks' unlawful actions, as alleged in all subsections of Count I of this Complaint, occurred throughout the limitations period and are ongoing.

## Request for Relief

83.    Enegren requests that the Court enter judgment against Twin Peaks and award her and other Twin Peaks Girls who opt in to this action the following damages and relief:

a.   Designation of this action as a collective action, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to participate in this action pursuant to 29 U.S.C. § 216(b);

15

b.    Designation of Enegren as representative of the Collective Class;

c.    Designation of Enegren's counsel as class counsel for the Collective Class;

d.    An amount equal to all unpaid wages, calculated at the proper rates, for the three-year period preceding the filing of this action;

e.    Liquidated damages under the FLSA in an amount equal to all unpaid back wages;

f.    Reimbursement of expenses related to uniforms and associated image and costume maintenance required by Twin Peaks;

g.    Liquidated damages under the FLSA in an amount equal to all unreimbursed expenses;

h.    Costs and expenses of this litigation, including attorneys' fees;

i.    Pre- and post-judgment interest, calculated at the maximum rate allowed by law; and

j.    Such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Enegren requests a jury trial on all claims and issues.

## Designation of Place of Trial

Enegren designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

Foulston Siefkin LLP

By */s/ Boyd A. Byers*
    Boyd A. Byers        # 16253
    Paige D. Pippin      # 25485

1551 North Waterfront Pkwy, Ste. 100
Wichita, Kansas  67206-4466
Telephone:  316-267-6371
Facsimile:  316-267-6345
Email:  bbyers@foulston.com
        ppippin@foulston.com

Tony F. Rupp          # 11590
9225 Indian Creek Parkway, Suite 600
Overland Park, KS 66210-2000
Telephone:  (913) 498-2100
Facsimile:  (913) 498-2101
Email: trupp@foulston.com

*Attorneys for Plaintiffs*

17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Alyssa Enegren, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. |
| KC Lodge Ventures LLC, St. Louis Lodge Ventures LLC, and PB&J Restaurants, Inc., | ) ) ) ) | |
| Defendants. | ) ) ) | |

### Consent of Alyssa Enegren
### to Participate as Party Plaintiff

I hereby give my consent to be a party plaintiff in this case, and I agree to be bound by any settlement or judgment of the Court in this action. I understand that this lawsuit has been filed against KC Lodge Ventures LLC, St. Louis Lodge Ventures LLC, and PB&J Restaurants, Inc., to recover, among other things, unpaid wages, unreimbursed expenses, and other compensation and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

Alyssa Enegren