EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

The "Parties" to this Settlement Agreement and Release of Claims ("Agreement") are KC Lodge Ventures LLC, KC Lodge Ventures I, LLC, KC Lodge Ventures II, LLC, KC Lodge Ventures III, LLC, KC Lodge Ventures IV, LLC, St. Louis Lodge Ventures I, LLC, St. Louis Lodge Ventures II, LLC, St. Louis Lodge Ventures III, LLC, and PB&J Restaurants, Inc. (collectively "Defendants"), on the one hand, and, on the other, Alyssa Enegren ("the Named Plaintiff"), for herself and on behalf of 102 similarly situated employees of any of the Defendants ("Class Members") who have opted in to the case of *Enegren v. KC Lodge Ventures LLC, et al.,* Case No. 17-CV-2285, filed in the United States District Court for the District of Kansas (the "Lawsuit").

## RECITALS

The Named Plaintiff filed this collective action lawsuit pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") against the Defendants on May 17, 2017. The Named Plaintiff filed an Amended Complaint on January 29, 2018.

On August 31, 2018, the Parties filed a Joint Motion to Approve Stipulated Form of Notice of Collective Action, pursuant to which the parties jointly asked the Court to conditionally certify the case to proceed as a collective action and authorize notice to all current and former Twin Peaks Girls employed by any of the Defendants' Twin Peaks franchised restaurants on or after June 6, 2015. The Court granted the Parties' motion on September 10, 2018. Notice was mailed to all potential class members and 102 individuals filed consent forms to opt into the Class (the "Class" or "Class Members"). Following the notice period, Defendants produced personnel records and payroll and timekeeping data, which in conjunction with previously conducted written discovery,

allowed the Parties to fairly evaluate their respective claims and defenses. The Parties engaged in settlement discussions through mediation with Dennis Gillen on February 21, 2019 and agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit.

The Named Plaintiff and her counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit to determine how best to serve the interests of the Class and believe, in view of the costs, risks, and delay of continued litigation, balanced against the benefits of settlement, that the settlement as set forth in this Agreement is in the best interests of the Class and represents a fair, reasonable, and adequate resolution of the Lawsuit.

The Parties agree to undertake their best efforts, including all steps and efforts that may become necessary, to effectuate the terms and purposes of this Agreement.

## AGREEMENT

In consideration of the mutual covenants and other good and valuable consideration set forth below, the Parties agree, subject to approval of the Court, as follows:

**A. Consideration, Allocation, and Taxes:**

1. To resolve the Class's claims under the FLSA (and corresponding state minimum wage and hour law), Defendants agree to pay the Class Members and their counsel the total sum of $300,000.00 (the "Settlement Amount"). This sum is intended to include settlement payments to Class Members (other than the employer's share of employment taxes on those settlement amounts allocated as wages), a Service Award to the Named Plaintiff, and payment of attorneys' fees, expenses, and costs of

settlement administration.  This is an "all in" settlement.  All payments from Defendants contemplated by this settlement and in this Agreement (other than the employer's share of taxes on settlement amounts denominated as wages) will be made from the Settlement Amount.  The Named Plaintiff, Class Members, and Plaintiffs' Counsel agree they will not seek payments of any kind that would exceed the amount available in the Settlement Amount.

2.  The Parties agree that the settlement payments to Class Members, as set forth on Exhibit A, are designed to reimburse each Twin Peaks Girl for the alleged out-of-pocket expenses that they may have incurred purchasing costume and other work-related uniform items as required by the FLSA.  The settlement payments also compensate each Twin Peaks Girl for alleged unpaid working time associated with pre-shift and monthly meetings.  The settlement payments were calculated according to a formula that reasonably accounts for each Class Member's overall period of employment, number of shifts worked, and hourly (cash) rate, all for work performed during the applicable class period.  Each Class Member's settlement payment will be allocated between (i) alleged back wages for the unpaid working time claims (subject to applicable wage-based withholding and deductions), (ii) alleged expense reimbursement, and (iii) alleged FLSA liquidated damages (allocated as non-wage income with no deductions for withholding or taxes).  For tax purposes, Defendants will report the back-wage portion of each Class Member's settlement payment through Form W-2 and the liquidated damages portion as non-wage income through Form 1099.  The portion allocated as expense reimbursement shall not be reported as income to the Class Members.  Defendants are solely responsible for meeting their tax obligations

with respect to the settlement payments, including paying the employer's share of taxes on the amounts determined to be wages, making appropriate withholdings from settlement payments to Class Members characterized as wages, and filing the information reports (W-2 and 1099) as set forth above, Each Class Member is solely responsible for paying the taxes (and any resulting interest and penalties for not making timely payment) she owes with respect to any payment received by her pursuant to this Agreement.  Plaintiffs' Counsel is solely responsible for taxes (and any resulting interest and penalties for not making timely payment) it owes with respect to any payment received by Plaintiffs' Counsel pursuant to this Agreement.  Named Plaintiff, on behalf of the Class, acknowledges and agrees that Defendants have provided no advice as to the taxability of the payments received pursuant to this Agreement.

3. Plaintiffs will apply for court approval of a Service Award for the Named Plaintiff in an agreed amount not to exceed $15,000, for the substantial assistance she rendered to Plaintiffs' Counsel and in pursuing the rights of the Class. Defendants will not oppose or object to the Service Award.  This award, if approved, will be paid from the Settlement Amount.  If the Service Award is approved, but in an amount less than requested, the excess will be allocated to Class Members as additional reimbursement for uniform expenses on a pro-rata basis according to the formula set forth in Paragraph 2 above.  Defendants will report any Service Award as non-wage income to the Named Plaintiff through a Form 1099.

4. The Parties have agreed to a structured payment schedule of the Settlement Amount.  One-half of the Settlement Amount (checks totaling $150,000) will be paid within 10 days of the Court's Order granting approval of the Settlement Agreement.  The

4

remainder of the Settlement Amount will be paid in equal one-third shares ($50,000 each) on August 21, 2019, February 21, 2020, and August 21, 2020. Payments to Class Members, any court-approved Service Award, and payment to Class Counsel for attorney's fees, costs, and expenses will be paid on a pro-rata basis according to this schedule. For each payment date, Defendants will issue checks to each Class Member in the amounts set forth on Exhibit A, including a proportionate share of any court-approved Service Award in the non-wage check issued to the Named Plaintiff. According to the same schedule, Defendants will also issue checks to Plaintiffs' Counsel, Foulston Siefkin LLP, for a proportionate share of the attorney's fees, costs, and expenses approved by the court. Defendants will report the payments to Foulston Siefkin LLP via Form 1099. All settlement checks will be sent via overnight mail to Plaintiffs' Counsel on or prior to the designated payment date. Within 14 days of receipt of each batch of settlement checks, Plaintiffs' Counsel will mail to each Class Member her respective checks at the Class Member's last known address.

5. If any payments to Class Members are returned by the postal service as undeliverable, Defendants will provide Plaintiffs' Counsel with any available personal identification information for such Class members that Defendants have in their possession to assist Plaintiffs' Counsel in its search for a more recent address so that the payments can be promptly re-mailed to the correct address.

6. All settlement checks must be negotiated within 120 days of issue. If a check remains outstanding after that period, Defendants may issue a stop payment order on those checks and will issue a single replacement check to each Class Member and mail that check to Plaintiffs' Counsel via overnight mail. Plaintiff's Counsel will promptly

forward that replacement check to the unclaimed property division for the state in which the Class Member resides based on the Class Member's last known address.

**B. Attorneys' Fees, Costs, and Expenses:** Class Counsel will apply for fees, costs, and expenses to be paid from the Settlement Amount. Class Counsel's application for fees will not exceed $133,000, plus costs and expenses, including settlement administration costs. Defendants agree they will not oppose that application. Fees, costs, and expenses approved by the Court will be paid directly from the Settlement Amount, and Class Counsel will treat such amounts as income. Plaintiffs' Counsel will provide Defendants with a completed IRS Form W-9. To the extent the court approves attorney's fees in an amount less than that which Class Counsel seeks, the difference will be allocated to Class Members as additional uniform expense reimbursement on a pro-rata basis according to the formula set forth in Paragraph A.2. above.

**C. Court Approval:**

1. Within 5 days of the execution of this Agreement, the Parties will notify the Court that a settlement has been reached and request a stay of all proceedings to allow the Parties to finalize the settlement for final Court approval.

2. Within 14 days of the execution of this Agreement, Plaintiff's Counsel will notify each Class Member of the settlement terms, including the overall settlement amount, the amount to be provided to that Class Member, and a description of the formula used to calculate the awards. The letter will also notify each Class Member of how she can get more information about the settlement and her right to object.

3. Within 30 days after Plaintiffs' Counsel mails the letters described in paragraph C.2. above (but not earlier than 21 days after such mailing), Plaintiffs' Counsel will submit to the Court a motion for final settlement approval.

**D. Mutual Release of Wage and Hour Claims:**

1. Each Class Member releases and forever discharges Defendants, including any of these entities' predecessors and successors and, in their capacities as such, all of their present, past, and future directors, officers, employees, representatives, attorneys, insurers, reinsurers, agents, and assigns, as well as these entities' affiliates, parents, or controlling corporations, partners, divisions, and subsidiaries, from all claims arising under the Fair Labor Standards Act, Mo. Rev. Stat. § 290.500 *et seq.* or any other applicable State minimum wage or overtime law, or any applicable State wage payment law with respect to any claims premised on and arising from the same facts that form the basis of the claims asserted in the Lawsuit. Each Class Member who properly cashes or otherwise negotiates their final installment settlement check shall be deemed to and shall have knowingly waived, released, discharged, and dismissed the class claims, with full knowledge of any and all rights they may have.

2. Defendants will separately execute with the Named Plaintiff a full mutual general release of all claims by and between each of them that have accrued through the date of the Court's approval of the settlement.

**E. No Admission of Liability**: The Parties agree and acknowledge this Agreement is the result of a compromise and is not to be construed as a determination on the merits, on the propriety of the certification of the Class, or an admission of liability, responsibility, or wrongdoing by Defendants. Defendants deny any liability,

responsibility, or wrongdoing as alleged in the Lawsuit and maintain that their method of compensating Class Members is and has always been in full compliance with the Fair Labor Standards Act and applicable state law. It is expressly understood by the Parties that the Plaintiffs will not be deemed a "prevailing party" for any purpose, including any fee shifting statute, rule, or agreement, but Defendants agree, warrant, and represent that they do not, and will not, oppose Plaintiff's Counsel's fee application.

**F. Dismissal:** Within ten days of receipt of the initial batch of settlement checks (pursuant to Paragraph A.4. above), the Parties will take the steps necessary to dismiss the Lawsuit with prejudice.

**G. Effect of Failure to Grant Final Approval:** In the event the Court fails to enter an order approving the settlement in accordance with this Agreement (except for modifying the attorneys' fees or Service Award) the Parties will proceed as follows:

1. The Lawsuit will resume unless the Parties jointly agree to: (a) seek reconsideration or appellate review of the decision denying approval of the settlement, or (b) attempt to renegotiate the settlement and seek Court approval of the re-negotiated settlement.

2. In the event any reconsideration and/or appellate review is denied, the Parties will have no further rights or obligations under this Agreement.

**H. Effect of Breach:** Should Defendants fail to timely make any of the settlement payments per the schedule set forth in Paragraph A.4. above, the balance of the Settlement Amount shall become immediately due and payable. Plaintiff's counsel shall provide Defense counsel with written notice of acceleration under this provision, and Defendants shall have two weeks from that point to issue checks to fully satisfy all

remaining settlement payments. If Defendants fail to make all remaining settlement payments, Defendants agree to indemnify and hold the Named Plaintiff and Class Members harmless from all damages, liabilities, and costs, including reasonable attorney's fees, associated with the enforcement of this Agreement.

**I. Parties' Authority:** All parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations, which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of Plaintiffs' Counsel and Defendants' Counsel, who have jointly prepared this Agreement.

**J. Severability of Provisions:** The provisions of this Agreement will be deemed severable, and the invalidity or unenforceability of any one or more of its provisions will not affect the validity or enforceability of any of the other provisions. Notwithstanding the foregoing, if the Court fails to grant final approval of the settlement, paragraph G governs the enforceability of the Agreement.

**K. No Other Representations:** The Named Plaintiff and Defendants acknowledge that no promises or agreements not contained herein have been made with respect to the claims released herein; that this Agreement is not executed in reliance on any statement or representation made by the other or by any person employed by or representing the other party other than the statements contained in the Agreement itself; and that the terms of this Agreement are contractual and not merely recitals.

**L. Continuing Jurisdiction:** The Court will retain continuing and exclusive jurisdiction over the parties to this Agreement for the purpose of the administration and enforcement of this Agreement.

**M. Choice of Law:** The enforcement of this Agreement will be governed and interpreted using the laws of the State of Kansas, without regard to the residence of any party to this Agreement.

**N. Amendments/Modifications:** This Agreement constitutes the entire agreement of the Parties concerning the subjects contained herein.  No waiver, modification, or amendment of the terms of this Agreement, whether made before or after the Court's approval of this Agreement, will be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval.  Any failure by any Party to insist on the strict performance by the other Party of any of the provisions of this Agreement will not be deemed a waiver of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, will have the right thereafter to insist on the specific performance of any portion of this Agreement.

**O. Binding Agreement:** This Agreement is binding on and inures to the benefit of the Parties, their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and assigns.

**P. No Third-Party Beneficiaries:** This Agreement is not to be construed to create rights in, grant remedies to, or delegate any duty or obligation to any third party as a beneficiary or obligor of this Agreement.

**Q. Counterparts/Original Signatures:** The Parties may execute this Agreement in counterparts, which have the same force and effect as if the Parties had signed the same instrument.  The Parties may sign and transmit their signature on this Agreement by .pdf, which is binding on the party that transmits the signature page by .pdf.

**R. Corporate Signatories:** Any person executing this Agreement or any such related documents on behalf of a corporate signatory warrants and promises for the benefit of all Parties that such person has been duly authorized by such corporation to execute this Agreement or any such related documents.

**-Signature Page Follows-**

**The foregoing Settlement Agreement and Release of Claims has been read and fully understood before the signing of this Agreement.**

_____
Alyssa Nida, Named Plaintiff, individually and on behalf of Class Members

Dated: April 23, 2019

_____
Paul Khoury, President,
PB&J Restaurants, Inc.

_____
[name, title],
KC Lodge Ventures LLC

_____
[name, title],
KC Lodge Ventures I, LLC

_____
[name, title],
KC Lodge Ventures II, LLC

_____
[name, title],
KC Lodge Ventures III, LLC

_____
[name, title],
KC Lodge Ventures IV, LLC

_____
[name, title],
St. Louis Lodge Ventures I, LLC

_____
[name, title],
St. Louis Lodge Ventures II, LLC

_____
[name, title],
St. Louis Lodge Ventures III, LLC

Dated: April ____, 2019

12

**The foregoing Settlement Agreement and Release of Claims has been read and fully understood before the signing of this Agreement.**

_____
Alyssa Enegren, Named Plaintiff, individually
and on behalf of Class Members

Dated: April ___, 2019

_____
Paul Khoury, President,
PB&J Restaurants, Inc. on behalf of
KC Lodge Ventures LLC; KC Lodge
Ventures I, LLC; KC Lodge Ventures II,
LLC; KC Lodge Ventures III, LLC; KC
Lodge Ventures IV, LLC ; St. Louis
Lodge Ventures I, LLC; St. Louis Lodge
Ventures II, LLC ; St. Louis Lodge
Ventures III, LLC

Dated: May __13__, 2019

12

| Last Name | First Name | Total Payments (incl. Liquidated Dmgs) | Initial Payment (10 days of Final approval) | Second Installment - Due 8/21/2019 | Third Installment - Due 2/21/2020 | Final Installment Due 8/21/2020 |
|---|---|---|---|---|---|---|
| Adkins | Alexandra | $372.22 | $186.11 | $62.04 | $62.04 | $62.04 |
| Armstrong | Victoria | $5,130.61 | $2,565.30 | $855.10 | $855.10 | $855.10 |
| Bakhtiar | Keiley | $1,354.41 | $677.21 | $225.74 | $225.74 | $225.74 |
| Balque | Arianna | $1,437.25 | $718.63 | $239.54 | $239.54 | $239.54 |
| Bush | Nonalicia | $267.10 | $133.55 | $44.52 | $44.52 | $44.52 |
| Carr | Erika | $277.08 | $138.54 | $46.18 | $46.18 | $46.18 |
| Carter | Courtney | $1,738.67 | $869.33 | $289.78 | $289.78 | $289.78 |
| Clay | Jahliah | $886.68 | $443.34 | $147.78 | $147.78 | $147.78 |
| Cowan | Myranda | $2,961.84 | $1,480.92 | $493.64 | $493.64 | $493.64 |
| Dabney | Gabrielle | $1,106.67 | $553.33 | $184.44 | $184.44 | $184.44 |
| Davis | Brandy | $1,175.68 | $587.84 | $195.95 | $195.95 | $195.95 |
| Davis | Rylan | $822.60 | $411.30 | $137.10 | $137.10 | $137.10 |
| DeFeo | Samantha | $233.75 | $116.87 | $38.96 | $38.96 | $38.96 |
| DeJarnett | Andrea | $3,572.37 | $1,786.18 | $595.39 | $595.39 | $595.39 |
| Dirks | Dana | $1,988.79 | $994.39 | $331.46 | $331.46 | $331.46 |
| Enegren | Alyssa | $3,355.63 | $1,677.82 | $559.27 | $559.27 | $559.27 |
| Everett | Kyla | $845.51 | $422.75 | $140.92 | $140.92 | $140.92 |
| Farson | Julia | $436.02 | $218.01 | $72.67 | $72.67 | $72.67 |
| Faulhaber (Krashin) | Kayla | $5,746.40 | $2,873.20 | $957.73 | $957.73 | $957.73 |
| Fazio | Olivia | $1,175.31 | $587.66 | $195.89 | $195.89 | $195.89 |
| Felty | Megan | $700.56 | $350.28 | $116.76 | $116.76 | $116.76 |
| Fetty | Sidney Nichole | $1,924.33 | $962.16 | $320.72 | $320.72 | $320.72 |
| Garner | Sharrell | $114.53 | $57.26 | $19.09 | $19.09 | $19.09 |
| Girdner | Brittany | $1,050.84 | $525.42 | $175.14 | $175.14 | $175.14 |
| Glasgow | Lacey | $518.16 | $259.08 | $86.36 | $86.36 | $86.36 |
| Gosroski | Kelsey | $2,151.39 | $1,075.70 | $358.57 | $358.57 | $358.57 |
| Gray | Lakea | $704.58 | $352.29 | $117.43 | $117.43 | $117.43 |
| Gunnels | Kelsi | $4,404.60 | $2,202.30 | $734.10 | $734.10 | $734.10 |
| Hall | Hannah | $1,895.88 | $947.94 | $315.98 | $315.98 | $315.98 |
| Hope | Morgan | $1,972.19 | $986.09 | $328.70 | $328.70 | $328.70 |
| Hubbard | Megan | $3,770.80 | $1,885.40 | $628.47 | $628.47 | $628.47 |

| Last Name | First Name | Total Payments (incl. Liquidated Dmgs) | Initial Payment (10 days of Final approval) | Second Installment - Due 8/21/2019 | Third Installment - Due 2/21/2020 | Final Installment Due 8/21/2020 |
|---|---|---|---|---|---|---|
| Hughes | Tiffany | $1,988.64 | $994.32 | $331.44 | $331.44 | $331.44 |
| Johnson | Alexandra | $1,199.93 | $599.96 | $199.99 | $199.99 | $199.99 |
| Jones | Gabrielle | $1,470.25 | $735.12 | $245.04 | $245.04 | $245.04 |
| Jones | Hanna | $709.41 | $354.70 | $118.23 | $118.23 | $118.23 |
| Jordan | Michaela | $578.85 | $289.43 | $96.48 | $96.48 | $96.48 |
| Kemp | Shekieah | $1,222.65 | $611.33 | $203.78 | $203.78 | $203.78 |
| Kirchoff | Shiloh | $1,228.14 | $614.07 | $204.69 | $204.69 | $204.69 |
| Koch | Morgan | $2,284.90 | $1,142.45 | $380.82 | $380.82 | $380.82 |
| Kruse | Taylor | $381.20 | $190.60 | $63.53 | $63.53 | $63.53 |
| Lee | Mikayla | $1,000.05 | $500.03 | $166.68 | $166.68 | $166.68 |
| Lewis | Kourtnee | $872.14 | $436.07 | $145.36 | $145.36 | $145.36 |
| Lohman | Kindsey | $1,461.32 | $730.66 | $243.55 | $243.55 | $243.55 |
| Loney | Courtney | $641.84 | $320.92 | $106.97 | $106.97 | $106.97 |
| Lowe | Hannah | $2,021.59 | $1,010.79 | $336.93 | $336.93 | $336.93 |
| Lowenthal | Lauren | $5,289.42 | $2,644.71 | $881.57 | $881.57 | $881.57 |
| Lowery | Mackenzi | $202.89 | $101.44 | $33.81 | $33.81 | $33.81 |
| Lynch | Jessica | $6,090.48 | $3,045.24 | $1,015.08 | $1,015.08 | $1,015.08 |
| Manley | Stephanie | $40.21 | $20.10 | $6.70 | $6.70 | $6.70 |
| Martin | Taylor | $1,050.60 | $525.30 | $175.10 | $175.10 | $175.10 |
| Martinez | Brittany | $601.93 | $300.97 | $100.32 | $100.32 | $100.32 |
| Mask | Emily | $503.87 | $251.93 | $83.98 | $83.98 | $83.98 |
| Mayfield | Lia | $543.33 | $271.66 | $90.55 | $90.55 | $90.55 |
| McChesney | Asia | $226.65 | $113.32 | $37.77 | $37.77 | $37.77 |
| McClain | Rebecca | $1,866.40 | $933.20 | $311.07 | $311.07 | $311.07 |
| McCue | Lori Beth | $1,570.25 | $785.13 | $261.71 | $261.71 | $261.71 |
| McLain | Hailey | $344.07 | $172.04 | $57.35 | $57.35 | $57.35 |
| McMurray | Catherine | $505.61 | $252.81 | $84.27 | $84.27 | $84.27 |
| Meyer | Crystal | $4,109.87 | $2,054.94 | $684.98 | $684.98 | $684.98 |
| Ndeti | Kavindu | $406.88 | $203.44 | $67.81 | $67.81 | $67.81 |
| Oots | Erin | $107.37 | $53.69 | $17.90 | $17.90 | $17.90 |
| Palmer | Madison | $125.26 | $62.63 | $20.88 | $20.88 | $20.88 |

| Last Name | First Name | Total Payments (incl. Liquidated Dmgs) | Initial Payment (10 days of Final approval) | Second Installment - Due 8/21/2019 | Third Installment - Due 2/21/2020 | Final Installment Due 8/21/2020 |
|---|---|---|---|---|---|---|
| Pavin | Ella | $2,692.36 | $1,346.18 | $448.73 | $448.73 | $448.73 |
| Phillips | Shanlie | $481.95 | $240.97 | $80.32 | $80.32 | $80.32 |
| Pointer | Taylor | $3,447.74 | $1,723.87 | $574.62 | $574.62 | $574.62 |
| Ponds | Prenecia | $1,079.48 | $539.74 | $179.91 | $179.91 | $179.91 |
| Pruitt | Karis | $445.97 | $222.99 | $74.33 | $74.33 | $74.33 |
| Ralston | Brittney | $1,193.66 | $596.83 | $198.94 | $198.94 | $198.94 |
| Ramon | Mariela | $3,922.24 | $1,961.12 | $653.71 | $653.71 | $653.71 |
| Ramsey | Ashley | $1,132.85 | $566.43 | $188.81 | $188.81 | $188.81 |
| Reddell | Tyann | $3,906.18 | $1,953.09 | $651.03 | $651.03 | $651.03 |
| Roberson | Sarah | $3,324.40 | $1,662.20 | $554.07 | $554.07 | $554.07 |
| Robinson | Miranda | $2,758.45 | $1,379.23 | $459.74 | $459.74 | $459.74 |
| Rooney | Megan | $3,027.71 | $1,513.86 | $504.62 | $504.62 | $504.62 |
| Sage | Sarah | $3,381.53 | $1,690.76 | $563.59 | $563.59 | $563.59 |
| Salyer | Marissa | $135.72 | $67.86 | $22.62 | $22.62 | $22.62 |
| Sanders | Casey | $1,039.65 | $519.82 | $173.27 | $173.27 | $173.27 |
| Saunders | Jessica | $185.96 | $92.98 | $30.99 | $30.99 | $30.99 |
| Schiffbauer | Lisa Jo | $291.49 | $145.75 | $48.58 | $48.58 | $48.58 |
| Senciboy | Brooklyn | $278.98 | $139.49 | $46.50 | $46.50 | $46.50 |
| Shingler | Katelyn | $244.07 | $122.04 | $40.68 | $40.68 | $40.68 |
| Shipp | Jasmine | $1,342.55 | $671.27 | $223.76 | $223.76 | $223.76 |
| Shoemaker | Lauren | $1,713.65 | $856.82 | $285.61 | $285.61 | $285.61 |
| Smallwood | Briana | $932.70 | $466.35 | $155.45 | $155.45 | $155.45 |
| Smith | Bethanie | $1,249.08 | $624.54 | $208.18 | $208.18 | $208.18 |
| Sullivan | Ashlyn | $528.17 | $264.09 | $88.03 | $88.03 | $88.03 |
| Sullivan | Megan | $699.04 | $349.52 | $116.51 | $116.51 | $116.51 |
| Svaglic | Andrea | $3,861.15 | $1,930.58 | $643.53 | $643.53 | $643.53 |
| Taylor | Des'Aire | $1,979.21 | $989.61 | $329.87 | $329.87 | $329.87 |
| Tite | Alyssa | $1,764.01 | $882.01 | $294.00 | $294.00 | $294.00 |
| Trimble | Shelby | $1,854.92 | $927.46 | $309.15 | $309.15 | $309.15 |
| Valentine (Griffin) | Kempsie | $252.15 | $126.07 | $42.02 | $42.02 | $42.02 |
| Vanhamme | Rachael | $2,008.51 | $1,004.25 | $334.75 | $334.75 | $334.75 |

| Last Name | First Name | Total Payments (incl. Liquidated Dmgs) | Initial Payment (10 days of Final approval) | Second Installment - Due 8/21/2019 | Third Installment - Due 2/21/2020 | Final Installment Due 8/21/2020 |
|---|---|---|---|---|---|---|
| Vazquez | Jordyn | $513.82 | $256.91 | $85.64 | $85.64 | $85.64 |
| Villarta | Shecainah (Kai) | $946.12 | $473.06 | $157.69 | $157.69 | $157.69 |
| Warnstaff | Jessica | $1,467.35 | $733.68 | $244.56 | $244.56 | $244.56 |
| Washington | Naomi | $3,423.04 | $1,711.52 | $570.51 | $570.51 | $570.51 |
| Wellner | Kelsey | $152.84 | $76.42 | $25.47 | $25.47 | $25.47 |
| Wemhoener | Baylee | $2,463.55 | $1,231.78 | $410.59 | $410.59 | $410.59 |
| Wright | Alaisia | $288.78 | $144.39 | $48.13 | $48.13 | $48.13 |
| Yeager | Talia | $3,613.10 | $1,806.55 | $602.18 | $602.18 | $602.18 |
| Young | Adrieonna | $1,049.63 | $524.81 | $174.94 | $174.94 | $174.94 |
| Zahari | Ashley | $437.86 | $218.93 | $72.98 | $72.98 | $72.98 |
| | | $160,250.05 | | | | |

| Settlement Distribution | | |
|---|---|---|
| FLSA Damages | $80,125.03 | |
| Liquidated Damages | $80,125.02 | |
| Total Class Payments | | $160,250.05 |
| Incentive Award | $15,000.00 | |
| Attorney's Fees | $120,000.00 | |
| Costs & Expenses | $4,749.95 | |
| Total Settlement | $300,000.00 | |