# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Alyssa Enegren, Individually and on Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 17-CV-2285<br>) |
| KC Lodge Ventures LLC, KC Lodge Ventures I, LLC, KC Lodge Ventures II, LLC, KC Lodge Ventures III, LLC, KC Lodge Ventures IV, LLC, St. Louis Lodge Ventures LLC, St. Louis Lodge Ventures I, LLC, St. Louis Lodge Ventures II, LLC, St. Louis Lodge Ventures III, LLC, and PB&J Restaurants, Inc., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## UNOPPOSED MOTION FOR APPROVAL OF
## AWARD OF ATTORNEYS' FEES IN CONJUNCTION WITH SETTLEMENT

In light of the parties' Settlement Agreement ("Settlement Agreement" or "Settlement")[1] and the successful outcome it represents for the Named Plaintiff and the 102 Opt-in Plaintiffs (collectively "Plaintiffs"), Plaintiffs and Plaintiffs' Counsel respectfully petition the Court to award $120,000 for Plaintiffs' Counsel's attorney's fees, plus $4,449.95 in costs and expenses incurred to date, and an additional $300 to cover anticipated expenses associated with administering the settlement. This request falls within the range of fee awards that have been

---

[1] Unless otherwise indicated, all capitalized terms referenced herein have the meaning given to them in the Settlement Agreement.

approved in other cases in this District and is warranted given Plaintiffs' Counsel's work and the outstanding results achieved.[2]

## Argument and Authorities

For the reasons discussed below, Plaintiffs ask the Court to grant this Motion.

I.  **The Requested Attorneys' Fees are Reasonable and Should be Approved.**

FLSA cases require the settling parties to include an award of "reasonable attorney's fees" and the costs of the action within the settlement agreement. 29 U.S.C. § 216(b); *Hoffman v. Poulson Pizza LLC*, No. 15-2640-DDC-KGG, 2017 U.S. Dist. LEXIS 459, at *18 (D. Kan. Jan. 3, 2017). Here, Plaintiffs' Counsel seek an award of $120,000, representing 40% of the Settlement Amount, which is roughly two-thirds of their lodestar. For the reasons set forth below, the Court should award this fee.

   A.  **Factors for Determining the Reasonableness of Attorneys' Fees Awards.**

In FLSA collective action common fund cases, a percentage fee must be reasonable, and the "court must articulate specific reasons for fee awards demonstrating the reasonableness of the percentage and thus the reasonableness of the award." *Hoffman*, 2017 U.S. Dist. LEXIS 459, at *19 (following *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995)). In this regard, the "Tenth Circuit applies a hybrid approach, which combines the percentage fee method with the specific factors traditionally used to calculate the lodestar." *Id.* (citing *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994)). Under this hybrid approach, the two methods complement each other. For instance, "in a common fund case, the Tenth Circuit favors application of the percentage-of-the-fund method." *Bailes v. Lineage Logistics, LLC*, No. 15-02457-DDC, 2017 U.S. Dist. LEXIS 173665, at *8 (D. Kan. Oct. 20, 2017) (citing *Gottlieb*, 43 F.3d at 483). Courts

---

[2] Because Plaintiffs Motion is unopposed, Plaintiffs set forth the factual and procedural history of the case, the Settlement terms, and the legal basis for approving the settlement within this motion itself, as opposed to a separate accompanying memorandum, in accordance with Local Rule 7.1(a)(1).

then check that the percentage fee award is reasonable by comparing it to what the lodestar fee would be. *See Barbosa v. National Beef Packing Co.*, No. 12-2311-KHV, 2015 U.S. Dist. LEXIS 108821, at *35 (D. Kan. Aug. 18, 2015). At this step, courts "have discretion to reduce an award of attorneys' fees" if it would be "unreasonable under the lodestar approach." *Id.* (citations omitted).

"In all cases, the [c]ourt must consider the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)," often referred to as the 12 *Johnson* factors. *Bailes*, 2017 U.S. Dist. LEXIS 4758927, at *8 (citations omitted). Those 12 factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions presented by the case, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorneys due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Koehler v. Freightquote.com, Inc.*, No. 12-2505-DDC-GLR, 2016 U.S. Dist. LEXIS 91745, at *12-13 (D. Kan. July 13, 2016).

However, the Tenth Circuit has recognized that "while the factors set out in *Johnson* are useful, some are seldom applicable, and none is self-actuating." *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983). Thus, it is rare that all of the *Johnson* factors are applicable, and "this is particularly so in a common fund situation." *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir. 1988) (citing *Ramos*, 713 F.2d at 552). For example, in other FLSA settlements, as here, *Johnson* factors 7 and 11 are inapplicable to the analysis, and others are neutral to the analysis. *See, e.g.*, *Hoffman*, 2017 U.S. Dist. LEXIS 459, at *26-28; *Koehler*, 2016 U.S. Dist. LEXIS 91745, at *22-25. Nonetheless, all of the factors that impact the analysis favor granting Plaintiff's motion, as does the lodestar cross-check.

### B. The Requested Attorneys' Fees Award Is Reasonable Under the *Johnson* Factors.

#### 1. Factor One: Time and Labor Required

Based on contemporaneously kept billing records, for work through April 30, 2019, Plaintiffs' Counsel have expended over 318 attorney hours and over 180 paralegal hours prosecuting this action on behalf of the Plaintiffs for over two years, excluding time spent in connection with the present motion. [Declaration of Boyd Byers, attached as Exhibit A, ¶¶ 6, 9).[3] The tasks comprising this time include investigating and researching the claims, drafting and filing the Complaint, propounding discovery, addressing deficiencies in production that nearly required a motion to compel, reviewing documents, numerous phone calls with Defendants' counsel, preparing for a contested conditional certification process (although it was ultimately achieved through stipulation), coordinating the filing of consent forms from 102 Opt-in Plaintiffs, interviews and other communications with the Opt-in Plaintiffs, preparing damages calculations, preparing for and participating in two mediations, drafting the Settlement Agreement and drafting pleadings for approval of the settlement. (Ex. A ¶ 6).[4] The time spent by Plaintiffs' Counsel was reasonable in light of these efforts over two years of litigation in a collective action with over 100 Plaintiffs. Thus, the first *Johnson* factor weighs in favor of granting Plaintiff's fee request.

#### 2. Factor Two: The Novelty and Difficulty of the Questions Presented

Wage and hour cases, especially collective actions, involve a complex blend of statutory and regulatory requirements that require a particularized skill set and experience to successfully

---

[3] These totals already reflect significant reductions based on billing discretion.

[4] Plaintiffs' Counsel's detailed billing records are available for the Court's review upon request.

navigate. Plaintiffs' Counsel recognize that the inherent complexities of collective actions under the FLSA, like this one, were considered by the Court in assessing the first *Johnson* factor. Thus, a separate consideration of them under the second *Johnson* factor is neutral to that analysis. *See Koehler*, 2016 U.S. Dist. LEXIS 91745, at *18-19.

### 3. Factor Three: The Skill Required to Perform the Legal Service Properly

Plaintiffs' Counsel regularly handle FLSA litigation, including prosecuting and defending numerous collective actions. Plaintiffs' Counsel are knowledgeable about the FLSA's requirements and how those issues are litigated. (Ex. A, ¶¶ 3, 4). Plaintiffs' Counsel utilized their skill and experience to position this case for conditional certification and settlement in a way to minimize costs and delays. Plaintiffs' Counsel developed a dynamic spreadsheet that took into account multiple factors unique to each of the 103 Plaintiffs, including each Plaintiffs' overall period of employment (with individual adjustments to reflect the actual recovery period and tolling), the actual number of shifts each Plaintiff worked, and her average hourly wage. This model allowed Plaintiffs' Counsel to more accurately assess potential damages and to fairly and reasonably allocate settlement monies amongst the Plaintiffs. The skill required to successfully litigate this case supports approval of the requested fee. *See Koehler*, 2016 U.S. Dist. LEXIS 91745, at *19.

### 4. Factor Four: Preclusion of Other Employment Due to Accepting the Case

The fourth *Johnson* factor "involves the dual consideration of otherwise available business which is foreclosed because of conflicts of interest which occur from the representation, and the fact that once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes." *Johnson*, 488 F.2d at 718. Plaintiffs' Counsel

5

dedicated a significant amount of time and labor to this case, which has gone on for over two years. As a result, the lawyers working on this case have been required to forego hourly-fee work that was otherwise available to them in order to devote the time and attention required to prosecute this case without any guarantee of a recovery. (Ex. A, ¶ 13). The fourth *Johnson* factor thus weighs in favor of granting Plaintiff's fee request. *See Hapka v. CareCentrix, Inc.*, No. 16-CV-02372-KCG, 2018 U.S. Dist. LEXIS 68186, at *7 (D. Kan. Feb. 15, 2018) (noting that the fact that taking the case prevented class counsel from taking on "more hourly, non-contingent billable work" weighed in favor of granting the fee request); *Hoffman*, 2017 U.S. Dist. LEXIS 459, at *24.

### 5.     Factor Five: The Customary Fee

"While the Tenth Circuit applies a hybrid approach in determining the reasonableness of fees in common fund cases, the customary fee award is typically a percentage of the fund." *Hoffman*, 2017 U.S. Dist. LEXIS 459, at *24 (following *Gottlieb v. Barry*, 43 F.3d 474, 482 (10th Cir. 1994)); *Koehler*, 2016 U.S. Dist. LEXIS 91745, at *20 (same). This approach is also typical in FLSA collective actions, where fee awards "have ranged from four per cent to 58 per cent of the common fund and resulted in total fee awards ranging from a few thousand dollars to over five million dollars." *Hoffman*, 2017 U.S. Dist. LEXIS 459, at *24 (citing *Bruner v. Sprint/United Mgmt. Co.*, No. 07-2164-KHV, 2009 U.S. Dist. LEXIS 60125, at *27 (D. Kan. July 14, 2009); *Koehler*, 2016 U.S. Dist. LEXIS 91745, at *20 (same)).

Plaintiffs' Counsel requests a fee award that amounts to forty percent of the Settlement Amount. This percentage falls well within the range of fees that this Court has approved. As discussed in more detail below with respect to the sixth *Johnson* factor, it is also consistent with the contingency fee agreement between Plaintiffs' Counsel and the Named Plaintiff and

6

consistent with the customary fee range that Plaintiffs' Counsel charges in similar matters. The fifth *Johnson* factor also weighs in favor of granting Plaintiff's fee request.

### 6. Factor Six: Whether the Fee is Fixed or Contingent

When considering the sixth *Johnson* factor, courts ask "whether plaintiff agreed to a fixed or contingent fee because 'the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case,' even though '[s]uch arrangements should not determine the court's decision.'" *Bailes*, 2017 U.S. Dist. LEXIS 173665, at *15 (quoting *Johnson*, 488 F.2d at 718).

Here, Plaintiffs' Counsel are not seeking an "enhanced" fee; they only seek a customary 40% contingency fee. Indeed, the Named Plaintiff (and the Opt-in Plaintiffs through their Consents) agreed to a fee agreement under which attorneys' fees would be calculated as the greater of (i) a 40 percent contingency fee if the case resolved prior to any appeal, or (ii) an hourly-based formula based on Plaintiffs' Counsel's actual hours in the case. (Ex. A, ¶ 11). Plaintiffs' Counsel are seeking only 40% of the Settlement Amount, which is far less than the amount of their fees calculated on an hourly basis, in order to facilitate settlement. Thus, the sixth *Johnson* factor weighs in favor of granting Plaintiff's fee request.

### 7. Factor Eight: The Amount Involved and the Results Obtained

"In a common fund case, … although time and labor required are appropriate considerations, the [eighth] *Johnson* factor—the amount involved, and the results obtained—may be given greater weight when, as in this case, the trial judge determines that the recovery was highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class." *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir. 1988).

Here, the $300,000 recovery is an excellent result for the Plaintiffs. The average payment to each class member is over $1,500, which is significant given that most of the Plaintiffs worked less than full-time and at sub-minimum wage rates, most of which were less than $4 per hour. Further, as explained in Plaintiffs' Unopposed Motion to Grant Final Certification and Approve Collective Action Settlement, this case involved risks in that if Defendants prevailed on their arguments and defenses, Plaintiffs' recovery would have been substantially less, and possibly nothing at all. Just as the Court found in *Hoffman*, the settlement in this case also "avoids the uncertainty and rigors of trial and produces a favorable result for the opt-in plaintiffs." 2017 U.S. Dist. LEXIS 459, at *26-27. The eighth *Johnson* factor thus weighs in favor of granting Plaintiff's fee request.

### 8.  Factor Nine: Class Counsel's Experience, Reputation, and Ability

Foulston Siefkin LLP ("Foulston") is regarded as a "go to" firm for complex litigation, including wage and hour litigation, in Kansas and the Midwest, and the firm has extensive experience in handling employment and FLSA litigation. (Ex. A, ¶ 3 and attached exhibit). Foulston partners Boyd Byers and Forrest Rhodes, Jr. have been the lead litigators in this matter. Both have extensive experience before this Court in sophisticated employment and FLSA cases. (Ex. A, ¶ 4 and attached exhibit). Given Class Counsel's reputation, experience, and ability, the ninth *Johnson* factor heavily favors the Plaintiffs' fee request.

### 9.  Factor Ten: Undesirability of the Case

Contingency fee cases presenting complex or difficult issues are inherently risky and therefore widely acknowledged as undesirable when compared to steady, billable hour work. *See In re Sprint Corp.*, 443 F. Supp. 2d at 1270 (noting that the case was "'undesirable' from the start in the sense that the issues presented were inherently risky"); *Hapka*, 2018 U.S. Dist. LEXIS 68186, at *9 (noting that "uncertainty of recovery supports Class Counsel's application for

8

attorneys' fees"). Nonetheless, Plaintiffs' Counsel recognizes that the risks associated with contingent fee litigation were considered with some of the other *Johnson* factors, so this factor should be viewed as neutral. *See Hoffman*, 2017 U.S. Dist. LEXIS 459, at *27; *Koehler*, 2016 U.S. Dist. LEXIS 91745, at *24.

### 10. Factor Twelve: Awards in Similar Cases

"The 'customary fee' factor in a common fund case is the same as the factor suggesting consideration of awards in similar cases." *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 455 (10th Cir. 1988). The requested fee in this case represents 40% of the Settlement Amount, which is fairly within the ranges of fee awards that courts in this District have awarded in FLSA cases. *See Hoffman*, 2017 U.S. Dist. LEXIS 459, at *28; *Koehler*, 2016 U.S. Dist. LEXIS 91745, at *25 ("Historically, our court has approved fee awards in FLSA cases ranging from 'four percent to 58 per cent of the common fund…'"). Courts in this jurisdiction and others have awarded attorneys' fees based on 40 percent of the common fund in FLSA collective actions when, as here, the fee is justified by the circumstances of the case. *See, e.g., Payson v. Capital One Home Loans, LLC*, No. 07-CV-2282-DWB, 2009 U.S. Dist. LEXIS 25418, at *9 (D. Kan. Mar. 26, 2009) (approving forty percent contingent fee); *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 412-13 (D. Md. 2014) (approving attorneys' fees that amounted to forty percent of FLSA settlement); *Vega v. II Primo Pizza & Wings, Inc.*, No. 08-CV_244-FtM-29SPC, 2008 U.S. Dist. LEXIS 114378, at *2-3 (M.D. Fla. Aug. 15, 2008) (same). Because a 40% contingency fee has been approved in similar cases—and is especially appropriate in this case insofar as it represents a significant discount, rather than a premium, of the lodestar—the twelfth and final *Johnson* factor also weighs in favor of granting Plaintiff's fee request.

Because all of the relevant *Johnson* factors weigh in favor of granting Plaintiffs' fee request, the request is reasonable under the first half of the Tenth Circuit's hybrid approach.

### C. The Requested Attorneys' Fee Award Is Not Unreasonable Under the Lodestar Cross-Check.

If, as here, the requested attorneys' fee in a common fund case is reasonable in light of the *Johnson* factors, courts typically cross check it against the lodestar to ensure it is not unreasonable under that approach. The lodestar is determined by multiplying the time reasonably expended on the case by a reasonable hourly rate. In this case, the requested attorney's fee award represents a significant discount below the lodestar, thus underscoring its reasonableness.

As established above under the first *Johnson* factor, the time expended by Plaintiffs' Counsel in this case was reasonable. When that is the case, the Court may skip the first step of the lodestar analysis. *See Bailes*, 2017 U.S. Dist. LEXIS 173665, at *20.

In the second step of the analysis, the Court must "determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Id.* (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1256 (10th Cir. 1998)). In doing so, the Court "should base its hourly rate award on what the evidence shows the market commands for . . . analogous litigation." *Id.* at *20-21 (quoting *Case*, 157 F.3d at 1256).

The Court's job in this respect is easy. Just last month Judge Robinson reviewed and approved Plaintiffs' Counsel's hourly rates in another case. Specifically, Judge Robinson approved rates for Mr. Byers ($500), Ms. Rose ($300), and Foulston paralegals ($200). While Mr. Rhodes ($445), and Ms. Pippin ($300) were not involved in that case, their rates, in comparison to their experience, are consistent with the previously approved rates. *See Schapker v. Waddell & Reed Fin., Inc.*, No. 17-cv-2365-JAR-JPO (D. Kan. April 8, 2019) (Final Approval

Order and Judgment, attached as Exhibit B, affirming previously approved attorney's fees for class counsel).

These attorney rates are also well within the range of rates approved in this District for experienced wage and hour counsel. *See Hoffman*, 2017 U.S. Dist. LEXIS 459, at *21 (approving rates between $400 and $600 for attorneys with similar experience); *Koehler*, 2016 U.S. Dist. LEXIS 91745, at *15 (approving a "blended" hourly rate of $490); *In re Bank of Am. Wage & Hour Empl. Litig.*, No. 10-MD-2138-JWL, 2013 U.S. Dist. LEXIS 180056, at *22-23 (D. Kan. Dec. 18, 2013) (approving fee award with blended rate of $488 per hour).[5]

As a cross-check, this Court has approved attorney fee awards that exceed the lodestar value. *See Koehler*, 2016 U.S. Dist. LEXIS 91745, at *17-18 (approving fee that was 1.3 times greater than the lodestar amount); *In re Bank of Am.* 2013 U.S. Dist. LEXIS 180056 at *22 (approving fee based on 1.10 lodestar multiplier); *In re Sprint Corp. ERISA Lit.*, 443 F. Supp. 2d 1249, 1271 (D. Kan. 2006) (approving fee based on 1.18 multiplier). Here, the requested fee is only 67 percent of the lodestar value. Thus, it is inherently reasonable. *See Hapka v. Carecentrix, Inc.*, No. 16-CV-02372-KGG, 2018 U.S. Dist. LEXIS 68186, at *5 (D. Kan. Feb. 15, 2018) (finding the requested fee, which represented a negative lodestar multiplier (0.87) to be "inherently reasonable"). And the lodestar value will continue to increase as Plaintiffs' Counsel "will incur additional time to complete the settlement and conclude the litigation – time that counsel has not yet recorded and thus is not reflected in the lodestar." *Bailes*, 2017 U.S. Dist. LEXIS 173665, at *25.

---

[5] Plaintiffs' Counsel's rates generate a lodestar value of $178,865.00, which is much greater than the requested fee. So even if somewhat lower rates were applied, the lodestar would still exceed the requested percentage-based fee.

11

### D.  Plaintiffs Agreed to the Fee Agreement and Do Not Object to the Requested Fee Award.

The Named Plaintiff and Opt-in Plaintiffs agreed to an arrangement under which the attorneys' fees would be based on an hourly rate or a 40 percent contingency.[6] Here, counsel elected to seek only 40% of the Settlement Amount, representing a significant discount of their lodestar, to facilitate settlement. All Plaintiffs were notified that Plaintiffs' Counsel would seek a fee up to $133,000 and were given an opportunity to object or ask questions. None of them objected or voiced a concern. Despite this approval, Plaintiffs' Counsel seek a fee award of only $120,000.

Because the requested fee award is fair and reasonable, it is fully supported by the lodestar cross-check (and in fact represents a significant discount off the lodestar), and the Plaintiffs agree and do not object to the fee, the Court should approve the requested amount.

## II.  The Court Should Approve the Requested Litigation Costs and Administrative Expenses.

### A.  Litigation Expenses and Costs

In addition to attorneys' fees, the FLSA allows for an award of costs to a prevailing plaintiff. *See* 29 U.S.C. § 216(b). Courts in this District routinely approve a separate recovery of costs and litigation expenses as part of an FLSA settlement when the expenses include no mark-up and are of the nature that counsel would typically charge to an hourly-paying client. *See Hoffman*, 2017 U.S. Dist. LEXIS 459, at *29.

In this case, Plaintiffs' Counsel have incurred $4,449.95 in unreimbursed out-of-pocket costs and expenses for court filing fees, mediation fees, and travel expenses, among others. (Ex.

---

[6] Such agreements are common in FLSA cases, given that the FLSA provides for statutory attorneys' fees, and the amount of wages at issue can be relatively modest, such that the amount of the attorneys' fees that must be expended to litigate and obtain a recovery can exceed, and sometimes far exceed, the amount of the recovery itself, depending upon whether the case is certified, the number of Opt-in Plaintiffs, and the amount of work required to resolve the case.

A ¶ 16). These expenses were reasonably incurred in the prosecution of this case. They are of the nature that would typically be billed to an hourly-paying client and represent Plaintiffs' Counsel's actual out-of-pocket expenses without mark-up. (Ex. A ¶¶ 15). The Court should approve an award to reimburse Plaintiffs' Counsel for these expenses as part of the settlement.

### B.  Settlement Administration Expenses

In addition to litigation expenses, the expenses associated with settlement administration also are routinely reimbursed from the common fund. *See In re Bank of Am.*, 2013 U.S. Dist. LEXIS 180056, at *25 (approving request for settlement administration funds to be paid from the common fund). To increase the available monies to be distributed to the Plaintiffs, Plaintiffs' Counsel intends to administer the delivery of the settlement payments without the use of a third-party settlement administrator. As the Settlement Agreement contemplates payments occurring through four installments, this will require multiple separate mailings to each Plaintiff. Plaintiffs' Counsel do not seek any amount for the time associated with these efforts but seek an award of $300 to compensate it for the out-of-pocket expenses it expects to incur for postage and materials.[7]

### III.  Summary

Because Plaintiffs' Counsel's fee request is reasonable, and the expenses for which Plaintiffs' Counsel seeks reimbursement were necessarily and reasonably incurred to effectively prosecute this case to a successful resolution, the Court should approve an award of attorneys' fees to Plaintiffs' Counsel of $120,000 and reimbursement of actual expenses totaling $4,449.95 and out-of-pocket settlement administration costs of $300.

---

[7] Plaintiffs' Counsel are not seeking any additional amounts for the attorney, paralegal, and support staff time that will be incurred in overseeing and administering the distribution of settlement funds. This further underscores the reasonableness of the attorneys' fees request.

Respectfully submitted,

By: /s/*Boyd A. Byers*
Boyd A. Byers, #16253
Forrest T. Rhodes, Jr., #19567
**FOULSTON SIEFKIN LLP**
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
Telephone:  316-291-9555
Facsimile:  316-267-6345
bbyers@foulston.com
frhodes@foulston.com

Tony F. Rupp, # 11590
Rebekah Pinkston, # 25989
9225 Indian Creek Parkway, Suite 600
Overland Park, Kansas 66210-2000
Telephone: 913-498-2100
Facsimile: 913-498-2101
trupp@foulston.com
rpinkston@foulston.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Boyd A. Byers*
Boyd A. Byers, KS Bar No. #16253